**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Johnny Mercado SLAUGHTER, Jr., Defendant—Appellee.**

No. 04–50033.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2005.*

Decided Feb. 28, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a).

Erik M. Silber, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Greg A. Wesley, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: O'SCANNLAIN and CLIFTON, Circuit Judges, and WEINER, District Judge.**

## MEMORANDUM ***

■ There was sufficient evidence of the relationship between Appellant Slaughter and the victim in Slaughter's underlying California conviction to satisfy the federal definition of a "misdemeanor crime of domestic violence" contained in 18 U.S.C. § 921(a)(33)(A).

Slaughter's conviction under Cal.Penal Code § 273.5 qualifies as a crime of domestic violence. Given the requirements of the state statute, evidence of the conviction may well have been sufficient as a matter of law to show that the relationship between Slaughter and his victim met the requirements of § 921(a)(33)(A).

Even if it did not, the other evidence was certainly sufficient for a reasonable factfinder to have found beyond a reasonable doubt that Slaughter's victim was a "person similarly situated to a spouse" as required by § 921(a)(33)(A). This evidence included Slaughter's admission that he was convicted of a domestic violence crime, that the victim of the crime was his girlfriend, and that he was required to enroll in a 52–week domestic violence batterers program as a result of his conviction. It was also established that the Indio Police Department's policy required that, to be arrested under § 273.5, a suspect and victim had to be spouses, co-parents, or currently cohabiting.

■ Given this evidence, the district court's decision to admit a probable cause declaration containing a hearsay statement by the victim concerning her relationship with Slaughter—to the extent it was admitted to show the truth of the matter asserted—was harmless. The district court also had a non-hearsay basis for permitting the police officer to read the statement, namely, to show the reason for the arrest rather than the nature of the relationship.

AFFIRMED.

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.